## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND,<br>1800 Massachusetts Ave, Suite 301<br>Washington, D.C. 20036,<br><br>and<br><br>WILLIAM DEMPSEY, RODERICK S. BASHIR, KEVIN J. DOYLE, CHRISTOPHER BOUVIER, THOMAS LAMARTINA, EDWARD J. MANKO, JOHN J. SHERIDAN, FRANK A. MAXSON, LAPHONZA BUTLER, DAVID HUERTA TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND,<br>1800 Massachusetts Ave, Suite 301<br>Washington, D.C. 20036,<br><br>                         Plaintiffs,<br><br>v.<br><br>T & S SERVICES, INC. D/B/A ANCHOR BUILDING SERVICES<br>2000 W. Carroll Ave., Unit 105A<br>Chicago, IL 60612<br><br>Registered Agent:<br>Joseph A. Giralamo<br>340 Butterfield Rd., Ste. 2D<br>Elmhurst, IL 60126<br><br>                         Defendant. | Case No: 17-cv-2676<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>**  for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20210**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

_____

## COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, SUPPLEMENTAL CONTRIBUTIONS, AUDIT FEES, AND ATTORNEY'S FEES AND COSTS

1

## Introduction, Jurisdiction and Venue

1.       This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, Pension Protection Act supplemental contributions, and audit fees owed by the Defendant.

2.       Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.       Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.       Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

5.       Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of

Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6.      Plaintiff Trustees of the SEIU Pension Fund, William Dempsey, Roderick S. Bashir, Kevin J. Doyle, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, Laphonza Butler, and David Huerta are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7.      Defendant T & S Services, Inc. doing business as Anchor Building Services ("Anchor Building" or "Employer") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8.      Upon information and belief, Defendant Anchor Building is a corporation incorporated in the state of Illinois, with a mailing address of 2000 W. Carroll Avenue, Unit 105A, Chicago, IL 60612.

## Factual Background

9.      At all relevant times, Service Employees International Union Local 1 ("the Union") has been the exclusive bargaining representative for all window cleaners employed by

3

Defendant.

10.     At all relevant times, the Defendant was party to a collective bargaining agreement ("Collective Bargaining Agreement" or "CBA") with the Union for its employees effective for the periods described herein. A true, correct and complete copy of the Collective Bargaining Agreement is attached as Plaintiffs' Exhibit 1.

11.     Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement.

12.     The Collective Bargaining Agreement is effective for the period of July 2012 through June 2015, and then from year to year unless terminated by written request by either the Union or the Employer with 60 days notice. Ex. 1, Art. 21.1. The CBA obligates the Employer to contribute to the Fund $1.10 per hour for each covered employee, not to exceed 40 hours per week. Ex. 1, Art. 8.1.

13.     Pursuant to the Collective Bargaining Agreement and by submitting reports and contributions, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). Ex. 1, Art. 8.2. 8.3. A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 2. Pursuant to Section 5.1(22) of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 2 at Section 5.1(22). Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached

4

as Plaintiffs' Exhibit 3.

14.     Section 3.2 of the Trust Agreement and Section 5 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 2, Sec. 3.2; Ex. 3, Sec. 5.

15.     Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280 (2006) ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, and January 1, 2017. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016 and April 28, 2017. Copies of these letters are attached as Plaintiffs' Exhibit 4.

16.     Section 4 of SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. Ex. 2, Sec. 4; Ex. 3, Sec. 5.

17.     For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year

(2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 5.

18.     Defendant elected to remit surcharges and supplemental contributions pursuant to the Rehabilitation Plan's Preferred Schedule.

19.     During the period of January 1, 2014 through December 31, 2015, Defendant has failed to remit certain contractually required contributions and has failed to pay certain interest charges, liquidated damages, and supplemental contributions due under the PPA to the SEIU Pension Fund.

## COUNT I – Amounts Owed Pursuant to Audit

20.     Plaintiffs reallege and incorporate Paragraphs 1 through 19.

21.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

22.     Defendant is obligated, pursuant to the Collective Bargaining Agreement, to provide contributions to the SEIU Pension Fund on behalf of its covered employees.  Defendant has failed and refused to fulfill its contractual obligations for owed contributions, resulting interest and liquidated damages, and PPA supplemental contributions, as demonstrated by a payroll audit conducted on Defendant by the SEIU Pension Fund for the calendar years 2014 and 2015.

23.     The audit revealed that Defendant owes $3,019.72 in unpaid contributions, $1,624.29 in supplemental contributions, $1,344.18 in interest[1], $929.65 in liquidated damages and $221.83 in testing fees for the period of January 1, 2014 through December 31, 2015. After the application of an account credit of $8.80 is applied, the Defendant owes a total of $7,130.87. A true and complete copy of the audit is attached as Exhibit 6.

24.     Under Section 502(g) of ERISA, Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

25.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding amounts due from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due to the SEIU Pension Fund

26.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.     Declare that Defendant is delinquent in remitting owed contributions, interest,

---

[1] Interest is calculated through November 15, 2017 and continues to accrue at a rate of $1.27 per day.

liquidated damages, and PPA supplemental contributions to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement;

3.      Enter judgment in the amount of $7,130.87 pursuant to the audit conducted for the period of January 1, 2014 through December 31, 2015, plus additional interest;

5.      Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

6.      Retain jurisdiction of this case pending compliance with its Orders; and,

7.      Grant such relief as the Court may deem appropriate.


                        Respectfully submitted,


                        _____/s/ Lauren P. McDermott_____
                        Lauren P. McDermott
                        DC Bar No. 100830
                        Mooney, Green, Saindon, Murphy & Welch, P.C.
                        1920 L Street, NW, Suite 400
                        Washington, D.C. 20036
                        (202) 783-0010
                        (202) 783-6088 Facsimile
                        lmcdermott@mooneygreen.com
                        Counsel for the Plaintiffs


Dated: December 14, 2017

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 14th day of December, 2017, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, SUPPLEMENTAL CONTRIBUTIONS, AUDIT FEES, AND ATTORNEY'S FEES AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

_____ **/s/** Lauren P. McDermott _____

9